UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:12-CR-105
:
MIGUEL JUNIOR MORRIS, :
Defendant :

*M E M O R A N D U M*

*I.  Introduction*

We are considering a pro se motion filed by Defendant, Miguel Morris, pursuant to 28 U.S.C. § 2255.  (Doc. 83; Doc. 86).  Claiming that he received ineffective assistance from his appellate counsel, Defendant asks us to vacate his sentence and restore his right to file a direct appeal.  (Doc. 86).  For the reasons discussed below, we will deny Defendant's motion.

*II.  Background*

On April 25, 2012, Defendant was indicted for knowingly and intentionally possessing with the intent to distribute five kilograms or more of cocaine.  (Doc. 1).  Prior to trial, Defendant sent two letters to the court – one requesting substitute counsel and one requesting to proceed pro se.  (Doc. 42; Doc. 43).  Defendant's requests arose from his dissatisfaction with his appointed counsel, William Fetterhoff.  (Id.).  According to Defendant, Fetterhoff was not trustworthy, was not working diligently, and his motions for continuance violated Defendant's speedy trial rights.  (Id.).  Finding his justifications

insufficient, we denied Defendant's request for substitute counsel. (Doc. 79 at 9-10). However, we granted Defendant's request to proceed pro se and appointed Fetterhoff as standby counsel. (Id. at 10). A bench trial was held on December 4, 2012, and Defendant was convicted. (Doc. 51; Doc. 76).

Prior to sentencing, Defendant again filed a motion to dismiss Fetterhoff,[1] and he requested that we appoint the Federal Public Defenders Office to represent him at sentencing. (Doc. 55). On April 18, 2012, we held a sentencing hearing, during which Defendant confirmed that he wished to pursue his pro se requests. (Doc. 77 at 4-5). We entertained discussion from counsel on the topic – both Fetterhoff and the Government advised that the request was at the discretion of the court. (Id. at 5-6). After this discussion, and subsequent argument on downward variances to Defendant's potential sentence, we sentenced Defendant to 264 months of imprisonment.[2] (Doc. 64; Doc. 74).

Defendant appealed his conviction and sentence. (Doc. 66). The Third Circuit appointed the Federal Public Defenders Office to represent Defendant throughout the appeal. His appointed counsel, however, subsequently sought permission to

---

1. Like his request for substitute counsel, Defendant argued that Fetterhoff violated Defendant's right to speedy trial (Doc. 52); did not file motions that Defendant requested (Doc. 53); and did not work diligently on Defendant's defense. (Doc. 55).

2. Defendant's sentencing occurred over two separate hearings. The initial sentencing hearing was scheduled for April 18, 2013. On that date, we discussed Defendant's pro se requests. Following that discussion, we took a recess to confer with counsel and the probation department about Defendant's sentence. (Doc. 77 at 6). During this conference, we raised a matter we thought the Government needed to consider. (Id.). To give the Government an opportunity to give the issue full consideration, we continued the hearing until April 23, 2013. (Id.). On April 23, 2013, we heard argument on the downward departures and imposed sentence.

withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).³  (Doc. 80-2 at 5).  In his Anders brief, Defendant's appellate counsel identified, and rejected as frivolous, four arguable grounds for appeal: (1) jurisdiction of the District Court; (2) denial of Defendant's suppression motion; (3) sufficiency of the evidence; and (4) reasonableness of the sentence.  (Doc. 80-2 at 6).  Defendant filed a pro se brief raising two grounds that he argued were not frivolous: (1) sufficiency of the indictment; and (2) a Sixth Amendment violation due to our refusal to appoint substitute counsel before trial.  (Doc. 80-2 at 11-12).  The Third Circuit agreed with appellate counsel that all arguable grounds for relief were frivolous.  (Doc. 80-2).  Accordingly, it granted the motion to withdraw and affirmed the conviction and sentence.  (Doc. 80-2 at 22).

Now, in his § 2255 motion, asserting numerous arguments, Defendant claims that his appellate counsel provided ineffective assistance.  (Doc. 86; Doc. 86-1).

*III.        Discussion*

*A. Standard of Review*

Under 28 U.S.C. § 2255, a federal prisoner may file a motion challenging his conviction or sentence as being in violation of the federal Constitution or federal law. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).  "While issues resolved

---

3. According to Anders, "if [appellate] counsel finds his case to be wholly frivolous, after conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744.  The brief is furnished to the appellant, who may file a pro se brief raising any additional points he chooses.  Id.  Upon review of the briefs, if the court finds that there are no nonfrivolous grounds for appeal, the motion to withdraw is granted and the decision below is affirmed. Id.

on direct appeal will not be reviewed again by way of a § 2255 motion, they may, however, be used to support a claim for ineffectiveness. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (internal citations omitted). Pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings, "[t]he judge that receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

*B. Defendant's Ineffective Assistance of Counsel Claims are Meritless*

The Due Process Clause of the Fifth Amendment "entitles a [federal] criminal defendant to the effective assistance of counsel on his first appeal as of right." United States v. Cross, 308 F.3d 308, 315 (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). The two prong standard of Strickland v. Washington applies to a defendant's claim that his appellate counsel was ineffective. Smith v. Robbins, 528 U.S. 259, 285 (2000). Under this standard, the defendant must first show that counsel's representation was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." Id. That is, the defendant "must show there is a 'reasonable probability' . . . that his appeal would have prevailed had counsel's performance satisfied constitutional requirements." Cross, 308 F.3d at 315 (quoting Strickland, 466 U.S. at 694).

When a defendant's appellate counsel filed an Anders brief instead of a merits brief, to satisfy the first prong and show that counsel's representation was

deficient, the defendant must show that counsel unreasonably failed to discover a nonfrivolous issue and file a merits brief addressing it. Smith, 528 U.S. at 285, 288. In his first attempt to make this showing, Defendant claims that our refusal to appoint counsel to represent him at sentencing violated his Sixth Amendment right to counsel. (Doc. 86 at 4; Doc. 86-1 at 2-5). According to Defendant, this claim is not frivolous, and therefore his appellate counsel was ineffective by failing to raise and brief it on appeal. (Id.).

"Once a defendant properly waives his right to counsel, as Defendant did, the Sixth Amendment right to counsel is no longer absolute." United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008). Like a motion for substitute counsel, the district court should only grant a post-waiver motion for the appointment of counsel if the defendant shows good cause. Leveto, 540 F.3d at 208-09; United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995) (stating request need not be granted unless good cause is shown). This determination "is well within the discretion of the district court." Leveto, 540 F.3d at 207. Only when the district court made no inquiry into the reasons for the defendant's post-waiver request or the district court's good cause determination is clearly erroneous is the Sixth Amendment right to counsel violated. Leveto, 540 F.3d at 208-09.

Here, there was an inquiry into the reasons for Defendant's motion. The inquiry need not consist of a formal colloquy. Id. at 208. There only needs to be a reasonable inquiry so that the district court is fully aware of the substance of the defendant's motion for counsel. Id. at 209. When the rationales for the request are clearly apparent from a common sense reading of the record, this standard is satisfied.

Id.  The record in this case, consisting of no less than five letters directed to the court, made it quite clear that the rationale for Defendant's motion was his dissatisfaction with his standby counsel, William Fetterhoff.  Because we were fully aware of the substance of Defendant's motion, the inquiry requirement was satisfied.

Further, our implicit[4] conclusion that Defendant's dissatisfaction with Fetterhoff was not good cause for the appointment of post-waiver counsel was not clearly erroneous.  First, at the time of his request, Defendant was representing himself. Fetterhoff was only Defendant's standby counsel – which a trial judge can appoint over the objections of a defendant.  McKaskie v. Wiggins, 465 U.S. 168, 184 (1984).  Thus, Defendant's complaints about Fetterhoff had no bearing on whether there was good cause to appoint counsel in substitution of Defendant representing himself.  Cf. United States v. Proctor, 166 F.3d 396, 403 (1st Cir. 1999) (finding that trial court should have appointed post-waiver counsel where the defendant demonstrated he was overwhelmed by the proceedings).  Additionally, even if dissatisfaction with standby counsel could provide a basis for the appointment of post-waiver counsel, Defendant's complaints about Fetterhoff were substantially the same justifications we found insufficient to establish

---

4. Defendant argues that we erred by failing to rule on his motion on the record.  (Doc. 86-1 at 3-4).  By not ruling on the motion explicitly, Defendant's motion was implicitly denied.  United States v. Claxton, 766 F.3d 280, 291 (3d Cir. 2014).  We did not err by making an implicit determination.  An on-the-record determination is required when a defendant seeks permission to proceed pro se.  United States v. Welty, 674 F.2d 185, 188-89 (3d Cir. 1982).  In this motion, Defendant was not seeking to proceed pro se, he was seeking a post-waiver substitution of counsel.  As discussed above, such a motion only requires a reasonable inquiry.  Leveto, 540 F.3d at 209; see also Welty, 674 F.2d at 188 (stating that when making good cause determination, if reasons for motion are known to the court, it may rule without more).

good cause when he sought substitute counsel before trial.  See supra note 1.  That holding was affirmed by the Third Circuit.  (Doc. 80-2 at 20).  Accordingly, our finding that there was no good cause was not clearly erroneous.

Because there was an inquiry into Defendant's post-waiver request for counsel, and there was no clear error in our good cause determination, we find that Defendant's Sixth Amendment claim is meritless.  Therefore, appellate counsel did not provide deficient representation by failing to raise the claim.

Next, Defendant identifies a series of additional arguments that he asserts appellate counsel should have raised.  First, Defendant argues that his appellate counsel failed to raise a statute-of-limitations argument.  (Doc. 86 at 5; Doc. 86-1 at 7-8).  Next, he asserts that his counsel should have argued that the indictment was duplicitous.  (Doc. 86 at 7; Doc. 86-1 at 8-10).  Third, Defendant posits that his appellate counsel failed to argue that the evidence was insufficient to establish the drug weight.  (Doc. 86 at 8; Doc. 86-1 at 8-15).  Last, Defendant claims that counsel failed to argue that the sentence exceeded the statutory maximum.  (Doc. 86-1 at 15-16).  All of these arguments fail.  Every one of these issues was raised by Defendant in his direct appeal, and the Third Circuit found every one of them to be frivolous.  (Doc. 80-2 at 8-12).  Therefore, counsel did not provide deficient representation by failing to raise them.

Finally, Defendant makes two ineffectiveness arguments concerning Defendant's brief.  First, he claims that appellate counsel did not "conscientiously examine" the record before filing the brief, as required by Anders.  (Doc. 86-1 at 6).

Second, Defendant argues that counsel was ineffective because he did not file a brief in support of Defendant's pro se brief, and he did not articulate why the issues raised in Defendant's pro se brief were frivolous. (Doc. 86 at 2). Both arguments are without merit. Contrary to Defendant's argument, the Third Circuit explicitly found that Defendant's appellate counsel did satisfy the conscientious examination requirement. (Doc. 80-2 at 6). Further, <u>Anders</u> does not require appellate counsel to file briefs in support of a defendant's pro se brief, nor does it require appellate counsel to explain why the issues raised in the pro se brief are frivolous. <u>See</u> <u>supra</u> note 3. Accordingly, appellate counsel's brief was not deficient.

*IV.       Conclusion*

For the reasons discussed above, we will issue an order denying the § 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. Defendant is advised, however, that he has the right for sixty (60) days to appeal our order dismissing his motion, <u>see</u> 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, so long as he also seeks a certificate of appealability from the court of appeals. <u>See</u> FED. R. APP. P. 22.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge