UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:12-CR-105 |
| : | |
| MIGUEL JUNIOR MORRIS, : | |
|     Defendant : | |
| : | |

*M E M O R A N D U M*

*I.*     *Introduction*

Before this Court is Defendant Miguel Morris's motion seeking to assert a "new defense not available at conviction" pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. 118 at 1). He argues that we should give the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (June 26, 2015) (holding residual clause of Armed Career Criminal Act (ACCA) unconstitutional), retroactive effect to his sentencing under the career offender enhancement of § 4B1.2 of the United States Sentencing Guidelines (U.S.S.G. or Guidelines). (<u>Id.</u> at 1, 13). For the reasons that follow, Defendant's motion is best interpreted by this court as a second or successive motion under 28 U.S.C. § 2255, and, therefore, because Defendant has not received proper certification from the Third Circuit to file this motion, we will deny the motion for lack of jurisdiction.

*II.*     *Background*

On April 25, 2012, Defendant was indicted for knowingly and intentionally possessing with the intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1) (Count One). (Doc. 1). Defendant proceeded to a bench trial pro se, but we appointed standby counsel. (Doc. 79 at 2, 10). On December 4, 2012, Defendant was found guilty of Count One. (Doc. 51; Doc 76 at 141-42). A Presentence Report (PSR) was submitted on March 5, 2013, which concluded that, under U.S.S.G. § 2D1.1(c)(4),

Defendant's Base Offense Level was 32 based on the quantity of cocaine he possessed. (PSR ¶ 12). Defendant qualified as a career offender under U.S.S.G. § 4B1.1, and the PSR applied a four-level enhancement, resulting in a Total Offense Level of 37. (Id. ¶¶ 18, 20). In applying the career offender guideline, the PSR listed Defendant's three prior controlled substance convictions in Connecticut in 1994 for selling marijuana and hallucinogenic narcotics. (Id. ¶¶ 25-26, 28). Defendant's criminal history was category VI, and the Guideline range was 360 months to life imprisonment. (Id. ¶¶ 35, 53). Defendant was sentenced to 264 months' imprisonment. (Doc. 63). On appeal, the Third Circuit affirmed Defendant's conviction and sentence. (Doc. 80-2 at 2, 5-22).

In April 2015, Defendant filed motions to vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Docs. 83 & 86). On May 20, 2015, we denied the motions and a certificate of appealability, finding Defendant's claims meritless. (Doc. 87 at 7). Defendant's subsequent request for a certificate of appealability to the Third Circuit was denied. (Doc. 93 at 1). Defendant now files the instant motion under 28 U.S.C. § 1651, seeking a writ of "Audita Querela, Coram Nobis, Coram Vobis or Mandamus" to "establish [the court's] jurisdiction," and argues that the Supreme Court's recent decision in Johnson entitles him to relief from his sentence under the career offender guideline, U.S.S.G. § 4B1.2. (Doc. 118 at 1-2, 11-14).

*III.*   *Discussion*

As noted, Defendant invokes several writs to establish this court's jurisdiction, none of which are applicable to this case. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (quoting Pa. Bureau of Corr. v. U.S.

2

Marshals Serv., 474 U.S. 34, 43 (1985)).  However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  Id.  "A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence."  Rothwell v. United States, 563 F. App'x 220, 221 (3d Cir. 2014) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002)).  "Any motion filed in the district court that . . . [is] substantively within the scope of § 2255 . . . is a motion under § 2255, no matter what title the prisoner plasters on the cover."  Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  "Call it a motion for . . . mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls."  Id.  "Only if § 2255 relief is 'inadequate or ineffective' may a petitioner . . . resort to the All Writs Act, 28 U.S.C. § 1651, which authorizes coram nobis and audita querela relief in the appropriate circumstances."  Rothwell, 563 F. App'x at 221.

Defendant primarily focuses on audita querela and coram nobis to establish our jurisdiction.  (Doc. 118 at 2-7).  Neither writ applies to this case.  First, Defendant is still incarcerated, (Doc. 118 at 15), and therefore coram nobis is not applicable.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) ("[C]oram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255.").  Second, audita querela is not applicable because Defendant has not shown how relief under § 2255 is "inadequate or ineffective."  28 U.S.C. § 2255(e); Massey, 581 F.3d at 174 (audita querela only "available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief").

3

Defendant cannot seek relief through either writ "on the basis of his inability to satisfy the requirements of . . . filing a second or successive § 2255 motion to vacate sentence." Id. Therefore, we reject Defendant's attempt to reframe his motion as seeking a writ of coram nobis or audita querela in order to avoid having to establish entitlement to relief under § 2255. Rather, Defendant's motion is best interpreted as seeking relief under § 2255.

Here, Defendant has already filed an initial § 2255 motion, which was denied. (Docs. 83, 86, 87). Defendant must therefore meet the gatekeeping requirements for filing a second or successive § 2255 motion. United States v. Tyler, No. CRIM.1:CR-96-106, 2007 WL 2319796, at *2 (M.D. Pa. Aug. 13, 2007) (Caldwell, J.). Pursuant to § 2255(h), before a prisoner may seek a second or successive § 2255 motion, he must obtain a certificate of appealability from the court of appeals authorizing the motion.[1] 28 U.S.C. §§ 2255(h), 2244. Where a prisoner files such a motion without first obtaining the appropriate certificate, a district court lacks jurisdiction to entertain the motion. Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011). With respect to the instant motion, Defendant has failed to obtain the requisite certificate. As such, we lack jurisdiction to hear the second or successive § 2255 motion, and must dismiss the motion or transfer it to the Third Circuit to be treated as an application for a certificate of appealability under §§ 2244 and 2255(h). Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

We will dismiss Defendant's motion. To cure a want of jurisdiction, we can transfer Defendant's motion to the Third Circuit if it is "in the interest of justice" to do so.

---

[1] Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

28 U.S.C. § 1631. To determine whether the interest of justice warrants a transfer, courts examine whether the motion prima facie satisfies the standards of §§ 2244 and 2255(h). United States v. Hawkins, 614 F. App'x 580, 582 (3d Cir. 2015). Although a lack of jurisdiction prevents a court from considering the merits when deciding whether to dismiss the motion, see Robinson, 313 F.3d at 140, the merits of the motion may inform our determination of whether the interest of justice warrants a transfer. Johnson v. Walsh, No. 1:CV-13-1522, 2014 WL 3421071 at *2 (M.D. Pa. July 11, 2014) (Caldwell, J.).

Here, Defendant's motion does not satisfy the standards of §§ 2244 and 2255(h), as he has not shown that his case falls within Johnson's purview. It is true that, under 28 U.S.C. § 2255(h), Johnson created a new rule of constitutional law made retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016). In Johnson, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Based on Johnson's holding, the Third Circuit held a similar residual clause defining "crime of violence" in the career offender guideline, U.S.S.G. § 4B1.2(a)(2), to also be unconstitutionally vague. United States v. Calabretta, 831 F.3d 128, 133-34 (3d Cir. 2016). This court has given retroactive effect to Calabretta. United States v. Swerdon, No. 3:12CR87, 2016 WL 4988065, at *4 (M.D. Pa. Sept. 19, 2016).

However, for a defendant to be a career offender under U.S.S.G. § 4B1.1, he must commit the instant offense subsequent to sustaining "at least two prior felony convictions of *either* a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). Here, Defendant's career offender status was based on his three prior "controlled substance" offenses in Connecticut in 1994 for selling marijuana

5

and hallucinogenic narcotics under U.S.S.G. § 4B1.2(b), (PSR ¶¶ 25-26, 28), and was not based on any "crime of violence" from the career offender guideline's residual clause, U.S.S.G. § 4B1.2(a). At sentencing, we explained that Defendant was:

> a career offender because of those old [drug] cases, and I do agree that there were no firearms involved in any of the cases, and *I don't think any of the cases involved crimes of violence*, I do feel therefore that the guideline sentence is too severe for the offenses that you have committed, and I'm sorry that you have to be sentenced as a career offender, but I don't control that at all.

(Doc. 74 at 10-11). In other words, Defendant's prior "controlled substance" offenses properly served as predicate offenses under the career offender guideline, U.S.S.G. §§ 4B1.1(a), 4B1.2(b). As such, even assuming Johnson applies to §4B1.2(a)'s residual clause, and that Defendant's motion is timely, Defendant has not made a prima facie showing that he is entitled to relief.

*IV.      Conclusion*

Accordingly, we construe the instant motion as a second or successive § 2255 motion, which we lack jurisdiction to hear because Defendant has not received a certificate of appealability from the Third Circuit under 28 U.S.C. §§ 2255(h) and 2244. Moreover, because Defendant was a career offender due to controlled substance convictions, the interest of justice does not warrant transferring the motion to the Third Circuit. Defendant is advised that our denial of the motion does not prevent him from appealing, so long as he seeks, and obtains, a certificate from the Third Circuit. See Fed. R. App. P. 22(b)(1), (2); 28 U.S.C. § 2253. We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: November 7, 2016