IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :
    vs.                         :
                                :  CIVIL NO. 1:CR-12-0105
MIGUEL MORRIS,                  :
            Defendant           :    (Judge Caldwell)
                                :
                                :
                                :

*M E M O R A N D U M*

I.   *Introduction*

In December 2012, defendant, Miguel Morris, was convicted of a federal drug-trafficking offense involving more than five kilograms of cocaine.  We are considering his pro se motion (Doc. 105) under Fed. R. Crim. P. 41(g) for return of property, filed on September 9, 2016.  We will deny the motion because Defendant fails to list or describe the property he wants returned.  However, denial will be without prejudice to the filing of another motion that adequately describes the property.

II.   *Background*

Defendant's prosecution stemmed from an investigation conducted by Detective Anthony Lombardo of the Manheim Township Police Department while he was assigned to the Lancaster County Drug Task Force.  Based on the investigation, Det. Lombardo obtained a search warrant to search Defendant's apartment on April 15, 2011.  The search revealed evidence of trafficking in cocaine.  Defendant was charged in the

Court of Common Pleas of Lancaster County, Pennsylvania, *Commonwealth v. Morris*, No. CP-36-CR-2131-2011, but the state prosecution was nolle prossed in favor of federal prosecution.

On April 25, 2012, Defendant was named in a one-count federal indictment for knowingly and intentionally possessing with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A)(i).  On December 4, 2012, Defendant was found guilty after a bench trial.  In April 2013, he was sentenced to 264 months' imprisonment.  His direct appeal was unsuccessful.  *United States v. Morris*, 561 F. App'x 180 (3d Cir. 2014).  Defendant then filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.  We denied that motion, *United States v. Morris*, 2015 WL 2405055 (M.D. Pa. May 20, 2015), and the Third Circuit declined to grant a certificate of appealability.  *United States v. Morris*, No. 15-2722 (3d Cir. Jan. 12, 2016). On November 7, 2016, we denied a motion Defendant filed seeking to take advantage of *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2552, 192 L.Ed.2d 569 (2015), the void-for-vagueness residual-clause case.  *See United States v. Morris,* 2016 WL 6599959 (M.D. Pa.).

III.    *Discussion*

In his Rule 41(g) motion, Defendant avers that the FBI and Lancaster County authorities are in possession of his property and that because he has been transferred from state to federal custody through being incarcerated, he does not have the means to investigate where the FBI and/or the state has his property now.  (Doc. 105,

ECF p. 1).  He requests that the court order "the FBI to ascertain the whereabouts of all such property, return[ ] what [the agency] control[s]," and state where the other property used in the case in chief is now located, including "a list of any and all property still" in the state's possession.  (*Id.*).

In his motion, Defendant also avers he unsuccessfully attempted to obtain relief from the state before he filed his Rule 41(g) motion.  He attaches as an exhibit a "motion to compel production of court documents and evidence" he filed in the state-court criminal case on August 25, 2016.  In that motion, he requested a complete list of all property taken from him after April 14, 2011, "all property still" with the state, and "all property transferred anywhere else," including to federal authorities.  (Doc. 105-1, ECF p. 2).  In a one-line order filed August 30, 2016, the state court denied the motion.  (*Id.*, ECF p. 1).

We directed the government to file a response to the Rule 41(g) motion.  In its response, the government first pointed out that Defendant "does not identify any property that he would like to have returned to him."  (Doc. 113, Govt.'s Resp., ECF p. 2).  It also averred that the prosecuting federal agency was not the FBI but the Drug Enforcement Agency (DEA) and that:

> A search of DEA files has revealed that the agency seized the following items from Morris: an Apple iPhone, a Motorola flip phone, $4,860 in U.S. currency, and a Toyota Sequoia.  The agency administratively forfeited the currency and vehicle.  *See* Ex. A.  Pursuant to agency policy, the cellular telephones were destroyed after the agency did not receive a response to an abandonment letter that had been sent to Morris.  *See* Ex. B.

-3-

(Doc. 113, ECF p. 2).

Exhibit A contains a "Declaration of Forfeiture" for $4,860 in cash and a "Declaration of Forfeiture" for the Toyota Sequoia.  Both declarations indicate forfeiture was on May 1, 2012, pursuant to 19 U.S.C. § 1609, and occurred in Bridgeport, Connecticut.  (Doc. 113-1, ECF pp. 2-5).  Exhibit B is a DEA "Disposition of Nondrug Evidence Form" indicating that an Apple iPhone and a Motorola flip phone were destroyed.  (Doc. 113-2, ECF p. 2).[1]

Based on the foregoing, the government argues that Defendant's motion must be denied because it does not possess any of his property.  It also argues that a Rule 41(g) motion cannot be used to compel the federal government to obtain a list of his property that the state possesses.

In his reply brief, Defendant contends that Rule 41(g) can indeed be used to require federal authorities to locate property being held by the state.  He also argues that because he has no property receipts that would indicate what property was taken, he cannot be required to identify what particular items are to be returned to him.  Instead, it is sufficient for him to request the return of "any and all property," regardless of the governmental entity possessing it.  Defendant maintains that when federal authorities

_____

[1]    Although the government's response avers that the phones were destroyed after the agency did not receive a response to an abandonment letter that had been sent to Morris, the form does not support that averment.  Additionally, Part II of the form, which would indicate that the phones had undergone abandonment proceedings, has not been signed by an agency representative.  Nor has the government provided us with any evidentiary assurances that its allegations are true, as the relevant case law set forth below requires.  However, based on our resolution of the motion, we need not address these issues.

assumed the prosecution of his case, they received a list of the seized items, implying that they could locate the items and comply with his motion.  Defendant does not take issue with the government's allegations concerning the forfeiture of the cash and motor vehicle or the destruction of the mobile phones.

Fed. R. Crim. P. 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[2]  "A District Court has jurisdiction to entertain a motion for return of property made after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief."  *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).  When the criminal proceedings are over, it is presumed that the person from whom the property was seized has the right to its return.  *Id.* at 377.  At that point, the burden is on the government to show that it has a legitimate reason not to return the property.  *Id.*  The government may also assert it no longer has the property.  *Id.* at 378.

If the government does assert it no longer has the property, the district court must conduct a two-part inquiry.  First, the court "must determine, in fact, whether the

---

[2]   In full, Rule 41(g) reads as follows:

**(g) Motion to Return Property.**  A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

government retains possession of the property."  Second, "if it finds that the government no longer possesses the property," the court "must determine what happened to the property."  *United States v. Albinson*, 356 F.3d 278, 281 (3d Cir. 2004)(quoting *Chambers*, 192 F.3d at 378).  The court need not hold an evidentiary hearing, but its decision must "rest[ ] on a firmer basis than the government's unsubstantiated assertions that it 'no longer possesses the property at issue.'"  *Id.* at 282 (quoting Chambers, 192 F.3d at 377-78).  The government "must do more than state, without documentary support, that it no longer possesses the property at issue."  *Chambers*, 192 F.3d at 377-78.  "[A]ffidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination."  *Albinson*, 356 F.3d at 282 (brackets added).  The documentary evidence must be verified.  *Id.* at 284; *United States v. Peloro*, 488 F.3d 163, 177 (3d Cir. 2007).

Before we get into this analysis, however, we must decide whether the motion should be dismissed because Defendant failed to specify or describe the property he wants the government to return.  As noted, Defendant merely seeks the return of "any and all property" without describing that property.  We agree with the government that Defendant's failure to specify the property defeats the motion.  *See United States v. Davies*, No. 08-CR-253, 2010 WL 3024844, at *6 (M.D. Pa. July 29, 2010)(denying a Rule 41(g) motion in part because the defendant did not specifically state which seized items he wanted returned).

Defendant contends he cannot describe the property because his imprisonment deprives him of the means of investigating where federal or state authorities have the property now.  We reject this argument.  Defendant does not have to have the means to investigate where the property is now.  Indeed, in the procedural circumstances of this case, that would be the government's burden, assuming a properly filed motion for return of property had been filed.  Defendant need only list the property.

Defendant's argument in his reply brief is closer to the mark.  He argues there that because he has no property receipts that would indicate what property was taken, he cannot be required to identify what particular items are to be returned to him.  However, property receipts are routinely prepared and given to property owners when the government seizes property.  Defendant could therefore obtain those receipts from the appropriate authority.

We note that we agree with Defendant that, under certain circumstances, Rule 41(g) can be used to require federal authorities to locate property being held by the state.  "Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity."  *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999); *United States v. Gulley*, No. 05-CR-16, 2007 WL 870118, at *2 (W.D. Pa. Mar. 16, 2007).  It would appear that the second circumstance is present here.  However, without a description of the property seized, we

cannot tell whether the federal government had constructive possession of property that was considered evidence in the federal prosecution.

We will deny the motion.  However, we will do so without prejudice to the filing of another Rule 41(g) motion identifying, in detail, the specific property Defendant wants returned.


/s/William W. Caldwell
William W. Caldwell
United States District Judge


Date: November 17, 2016