IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| vs. | : CRIMINAL NO. 1:CR-12-0105 |
| | :   (Judge Caldwell) |
| MIGUEL MORRIS, | |
| Defendant | : |

*M E M O R A N D U M*

The pro se defendant, Miguel Morris, has filed two identical *Hazel-Atlas* motions, *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), challenging his conviction and sentence as a fraud upon the court. We decide that the motions are really second or successive motions under 28 U.S.C. § 2255 which we lack jurisdiction to consider. Defendant is free to seek the approval of the Third Circuit to file a second 2255 motion.

In April 2012, Defendant was indicted for knowingly and intentionally possessing with the intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). On December 4, 2012, Defendant was found guilty after a bench trial. In April 2013, he was sentenced to 264 months of imprisonment. His direct appeal was denied. *United States v. Morris*, 561 F. App'x 180 (3d Cir. 2014)(nonprecedential). In May 2015, we denied his motion under 28 U.S.C. § 2255, *United States v. Morris*, 2015 WL 2405055 (M.D. Pa.), and the Third Circuit denied a certificate of appealability. *United States v. Morris*, No. 15-2722 (3d Cir. Jan. 12, 2016).

Thereafter, in October 2016, Defendant filed a motion under the All Writs Act, 28 U.S.C. § 1651, seeking the benefit of the Supreme Court's decision in *Johnson v. United States*, ___, U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), in connection

with his sentence. In November 2016, we denied the motion. *United States v. Morris*, 2016 WL 6599959 (M.D. Pa.). Defendant's appeal of that ruling is pending in the Third Circuit. *In re Morris*, No. 17-1088 (3d Cir.).

Defendant's *Hazel Atlas* motions raise the following claims: (1) the investigating officer used falsehoods, such as fabricated drug buys, in the affidavit of probable cause used to obtain the search warrant; (2) the state prosecutor approved the application for the search warrant and suborned the investigating officer's fraud and perjury; (3) the trial testimony presented more fraud, using fabricated documents and "snitch" testimony from persons who made deals with the government; (4) one trial witness falsely testified to an arrest for money laundering occurring in 2008 but really had to have taken place in 2007 because otherwise Defendant and the witness would have been charged with a parole violation, which never happened; and (5) the investigating officer testified to controlled buys that could not have happened because the person used to make the buys had been evicted from the apartment where he was supposedly living at the time of the controlled buys.

Defendant's motions challenge his conviction and sentence. They are therefore motions under section 2255. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)("A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence"). That Defendant styles them as *Hazel Atlas* motions is immaterial. *Ferguson v. United States*, No. 03-CR-72, 2016 WL 1578777, at *7-8 (W.D. Pa. Apr. 20, 2016)(a *Hazel Atlas* action challenging a conviction or sentence must be treated as a section 2255 motion, and a second or successive one to a previously filed section 2255 motion); *United States v. Spikes*, No. 08-CR-201, 2015 WL 5460567, at *2-3 (E.D. Pa. Sept. 16, 2015)(a *Hazel Atlas* motion

challenging a conviction or sentence is a second or successive section 2255 motion to a previously filed section 2255 motion).

Here, Defendant has already filed a section 2255 motion, which was denied. Defendant must therefore meet the gatekeeping requirements for filing a second or successive section 2255 motion, *United States v. Tyler*, No. 96-CR-106, 2007 WL 2319796, at *2 (M.D. Pa. Aug. 13, 2007)(Caldwell, J.), meaning that before he files a second or successive section 2255 motion, he must obtain a certificate of appealability from the court of appeals authorizing the motion. 28 U.S.C. §§ 2255(h), 2244. When a prisoner files such a motion without first obtaining the appropriate certificate, a district court lacks jurisdiction to entertain it. *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011).

With respect to the instant motions, Defendant has failed to obtain the requisite certificate. We therefore lack jurisdiction to hear the second or successive § 2255 motions, and must dismiss them, or transfer them to the Third Circuit to be treated as an application for a certificate of appealability. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). We have decided to dismiss the motions, but Defendant is free to seek a certificate of appealability from the Third Circuit.

In any event, there is serious doubt whether a *Hazel Atlas* motion can be used in a criminal case. *See United States v. Washington*, 549 F.3d 905, 912 (3d Cir. 2008). In *Washington*, the Third Circuit stated that federal courts do not have inherent authority to vacate criminal judgments procured by fraud, *id.* at 911-12, 914, in the course of holding that a district court lacked inherent authority to modify a sentence procured by fraud. *Id.* at 917. In a few nonprecedential decisions after *Washington*, the Third Circuit has cited *Washington* for the proposition that federal district courts "do not have the inherent authority to set aside criminal judgments" for fraud on the court. *United States v. Lebron*, 598 F. App'x 817, 818 (3d Cir. 2015)(rejecting the defendant's claim he could

3

pursue "an independent action to set aside his criminal judgment for fraud on the court"); *Pelullo v. United States*, 487 F. App'x 1, 2 (3d Cir. 2012)(district court properly dismissed a motion to dismiss the indictment or grant a new trial based on prosecutors' alleged falsehoods because in part, federal courts lack inherent authority to vacate criminal judgments procured through fraud); *United States v. Brown*, 445 F. App'x 467, 468 (3d Cir. 2011) (federal courts have no inherent power to vacate criminal judgments based on fraud on the court).[1]

Further, although we intend no ruling on the merits of the claim, Defendant does not appear to satisfy the requirements of a *Hazel Atlas* fraud-on-the-court claim. The Third Circuit has stated that the elements of such a claim are as follows:

> '(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.'

*United States v. Burke*, 193 F. App'x 143, 144 (3d Cir. 2006)(nonprecedential)(quoting *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005)). "[T]hese elements must be supported by 'clear, unequivocal and convincing evidence.'" *Id.* (quoting *Herring*, 424 F.3d at 389). The conduct must be of the most egregious kind and directed at the court itself. *Herring*, 424 F.3d at 387. "[P]erjury by a witness is not enough to constitute fraud upon the court." *Id.* at 390.

Here, Defendant alleges that certain witnesses testified falsely at the suppression hearing and at trial. This claim of perjury does not appear to be enough to show the fraud required. It is more of a challenge to the witness's credibility, a claim Defendant raised on direct appeal in connection with his challenge to the search warrant. *Morris*, 561 F. App'x at 184-85.

---

[1] *Lebron* and *Brown* went on to say, in any event, that the defendant did not satisfy the requirements for showing fraud on the court. *Lebron*, 598 F. App'x at 818; *Brown*, 445 F. App'x at 468-69.

We will issue an order dismissing the *Hazel Atlas* motions for lack of jurisdiction since they are in substance second or successive section 2255 motions. As noted, Defendant is free to seek a certificate of appealability from the Third Circuit for approval to pursue the claims raised in these motions.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 15, 2017